UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-362-FDW
(3:07-cr-61-FDW-14)

| | | |
|---|---|---|
| STEVEN JERMONTE CURETON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On July 21, 2009, the Court entered an amended judgment finding Petitioner guilty of one count of conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and 2,4-Methylenedioxymethamphetamine, a/k/a Ecstasy, all in violation of 21 U.S.C. §§ 846 & 841(a)(1). Petitioner was sentenced to an active term of 240-months' imprisonment. (3:07-cr-61, Doc. 505: Amended Judgment in a Criminal Case).[1]

On appeal to the United States Court of Appeals for the Fourth Circuit, Petitioner raised one ground for relief: that his plea of guilty was not knowingly and voluntarily entered, and the district court therefore erred in denying his motion to withdraw his guilty plea. The Court was unmoved by this argument and affirmed Petitioner's criminal judgment after finding that

---

[1] The amended judgment was entered after the Court granted Petitioner's Section 2255 motion for relief on the ground that his trial counsel had failed to file a notice of appeal from the original criminal judgment. See (Case No. 3:09-cv-274-FDW, Doc. 2).

1

Petitioner's decision to plead guilty was, in fact, knowingly and voluntarily entered before the district court. United States v. Cureton, 389 F. App'x 252 (4th Cir. 2010) (unpublished).

On September 23, 2011, Petitioner filed a second Section 2255 motion to vacate. Among other claims, Petitioner contended that his sentence was erroneously enhanced based on the reasoning in the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). This Court found that controlling Fourth Circuit law precluded his trial counsel's ability to challenge predicate convictions which were noticed by the Government for sentencing enhancement pursuant to 21 U.S.C. § 851. Consequently, Petitioner's argument that his trial counsel was ineffective was dismissed as were his remaining claims. (3:11-cv-486-FDW, Doc. 8 at 6-8). Petitioner filed a notice of appeal from this order of dismissal. On March 1, 2013, the Fourth Circuit dismissed his appeal. United States v. Cureton, No. 12-8114, 2013 U.S. App. LEXIS 4352, 2013 WL 766141 (4th Cir. 2013) (unpublished).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In the present § 2255 motion, Petitioner again raises a claim that he is entitled to relief under the holding in Simmons contending he did not have North Carolina state convictions

2

which subjected him to more than one year in prison. Consequently, Petitioner maintains that the convictions noticed under § 851 were improperly relied upon to enhance his sentence.

The Court finds that Petitioner's present attack on his criminal judgment represents a successive, unauthorized § 2255 motion. 28 U.S.C. § 2255(a) provides, in pertinent part, that a "prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence."

However, the ability to pursue a § 2255 motion has limitations. In particular, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit. This Court is therefore without jurisdiction to consider the merits of a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Petitioner's

Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

Signed: June 18, 2013

Frank D. Whitney
Chief United States District Judge